# EXHIBIT 3

# In the United States Court of Federal Claims

(Filed November 16, 2001)

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case Nos.<br>98-126C, 98-154C,<br>98-474C, 98-483C,<br>98-484C, 98-485C,<br>98-486C, 98-488C,<br>98-614C, 98-621C,<br>99-447C, 00-440C,<br>00-697C, 00-703C,<br>01-115C, 01-116C,<br>01-249C<br><br>UNCONSOLIDATED<br><br>Judge Diane Gilbert Weinstein<br><br>Discovery Judge |

## Order

On November 8, 2001, defendant submitted a report in which it indicated that it had filed motions for summary judgment on a number of issues in the

Yankee Utilities' cases\1 and anticipates filing similar motions in all the other above-captioned cases shortly. In light of this, the coordinated discovery procedures approved by this court in the September 26, 2001 order hereby are suspended pending the resolution of the motions for summary judgement, unless plaintiffs demonstrate, pursuant to Rule 56(g) of the Rules of the Court of Federal Claims, that further discovery is necessary to respond to the motions for summary judgment.

DIANE GILBERT WEINSTEIN
Judge, U.S. Court of Federal Claims

\1 Yankee Atomic Electric Co., v. United States, No. 98-126C; Connecticut Yankee Atomic Power Co., v. United States, No. 98-154C; and Maine Yankee Atomic Power Co., v. United States, No. 98-474C.

# EXHIBIT 4

ORIGINAL

# In the United States Court of Federal Claims

FILED
JAN 3 2002
U.S. COURT OF FEDERAL CLAIMS

(Filed January 3, 2002)

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | **Case Nos.**<br>**98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C**<br><br>**UNCONSOLIDATED**<br><br>**Judge Diane Gilbert Weinstein**<br><br>**Discovery Judge** |

## Order

The court's November 16, 2001 order suspending discovery pending resolution of defendant's pending motions for partial

summary judgment on the issues of greater than class C waste and the rate of spent fuel acceptance, and to dismiss the Fifth Amendment taking claim, is hereby revoked. The parties shall proceed with discovery as prescribed by the coordinated discovery procedures and shall direct any disputes relating to the scope and methods of discovery to the discovery judge.

Defendant's December 12, 2001 motion for clarification, prompted by certain submissions to individual judges following partial summary judgment motions and the suspension of discovery, requested the court to direct plaintiffs to submit any discovery-related motions to the discovery judge. The motion is granted with respect to all parties.

The discovery judge's September 26, 2001 order approving coordinated discovery procedures remains in effect.\1

DIANE GILBERT WEINSTEIN
Judge, U.S. Court of Federal Claims

---

\1 Participation in the coordinated discovery procedures by the parties in **Yankee Atomic Electric Co., v. United States**, No. 98-126C, **Connecticut Yankee Atomic Power Co., v. United States**, No. 98-154C, and **Maine Yankee Atomic Power Co., v. United States**, No. 98-474C, remains subject to Senior Judge Merow's November 19, 2001 order.

# EXHIBIT 5

# In the United States Court of Federal Claims

(Filed November 1, 2001)

FILED
NOV - 1 2001
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ****************************************** | * | |
| YANKEE ATOMIC ELECTRIC COMPANY | * | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | * | |
| MAINE YANKEE ATOMIC POWER COMPANY | * | Case Nos. |
| FLORIDA POWER & LIGHT COMPANY | * | 98-126C, 98-154C, |
| NORTHERN STATES POWER COMPANY | * | 98-474C, 98-483C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | * | 98-484C, 98-485C, |
| INDIANA MICHIGAN POWER COMPANY | * | 98-486C, 98-488C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | * | 98-614C, 98-621C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | * | 99-447C, 00-440C, |
| COMMONWEALTH EDISON COMPANY | * | 00-697C, 00-703C, |
| BOSTON EDISON COMPANY | * | 01-115C, 01-116C, |
| GPU NUCLEAR, INCORPORATED | * | 01-249C |
| WISCONSIN ELECTRIC POWER COMPANY | * | UNCONSOLIDATED |
| POWER AUTHORITY OF THE STATE OF NEW YORK | * | |
| OMAHA PUBLIC POWER DISTRICT | * | Judge Diane Gilbert Weinstein |
| NEBRASKA PUBLIC POWER DISTRICT | * | |
| TENNESSEE VALLEY AUTHORITY | * | Discovery Judge |
| Plaintiffs, | * | |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |
| ****************************************** | * | |

## Order

On October 9, 2001, plaintiffs filed a motion for clarification of this court's September 26, 2001 order. Defendant responded on October 23, 2001.

Plaintiffs request this court to modify its prior order, which directs defendant to file a report at the conclusion of written discovery stating whether it intends to file a motion for summary judgment and the basis therefor. Plaintiffs submit that any dispositive motion must await the completion of all discovery and must be resolved by the judge responsible for each individual SNF case. Plaintiffs also argue that this court's order is premature and unnecessarily disruptive, inconsistent with the parties' negotiated discovery schedule and Judge Wiese's opinion expressed during a previous hearing, and generally beyond the limited scope of the proceedings before this court.

Defendant's opposition argues that the order is not disruptive to the discovery proceedings nor contrary to the negotiated discovery schedule. Furthermore, defendant maintains that prohibiting dispositive motions until after all of discovery is complete is wasteful and contrary to the purposes of Rule 56 of the Rules of the United States Court of Federal Claims (RCFC).

The order that defendant report its intentions as to any future dispositive motions after written discovery is neither premature, disruptive of the negotiated discovery schedule, nor beyond the scope of the court's discretion in these proceedings. Plaintiff's contention that the order permits the discovery judge to decide dispositive motions ignores the plain language of the order, which orders only a report, not a motion, and the discussion at the status conference on September 20, 2001. Further, even if it ordered a motion, nothing in the order indicates that the individual judges would not be the decision makers.

Plaintiffs also cite no authority for their central proposition that a party must be absolutely precluded from filing a dispositive motion before full discovery has been completed. Indeed, plaintiffs argument is inconsistent with the Federal Circuit's view of the intent and operation of RCFC 56(f). "A party may not simply assert ... that discovery was necessary and thereby overturn

summary judgment when it failed to ... set out reasons for the need for discovery in an affidavit." **Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.**, 883 F.2d 1560, 1567 (Fed. Cir. 1987). See also **Simmons Oil Corp. v. Tesoro Petroleum Corp.**, 86 F.3d 1138, 1144 (Fed. Cir. 1996) (requiring a specific showing of how additional discovery would rebut a summary judgment motion); **New America Shipbuilders, Inc. v. United States**, 871 F.2d 1077 (Fed. Cir. 1989)(holding that trial court did not abuse its discretion in suspending discovery pending summary judgment motion where opponent made no showing of need for further discovery).

Plaintiffs' position that a report on a possible summary judgment motion would violate the negotiated discovery procedure is unsupported. The government, a party to the negotiations, disagrees, as a matter of fact. Moreover, the negotiated procedure does not explicitly preclude summary judgment motions prior to the close of discovery. And, even if it did, the procedure may be revised, if not by the parties, by the court.

Finally, plaintiffs' contention that the judge who presides over discovery proceedings may not act inconsistently with previous comments regarding coordinated discovery (allegedly by Judge Wiese during a hearing held before the appointment of a discovery judge) is incorrect. First, the comments do not support plaintiffs' position that dispositive motions may not be filed before discovery is complete. Second, even if they did, such interlocutory rulings cannot bind this court.

Discovery orders are interlocutory orders that are neither final nor immediately appealable. **Quantum Corp. v. Tandon Corp.**, 940 F.2d 642, 644 (Fed. Cir. 1991). Interlocutory orders are not subject to res judicata or the law of the case doctrine and may always be reconsidered prior to final judgment. See **John Simmons Co. v. Grier Bros. Co.**, 258 U.S. 82, 90-91 (1922) (as long as the court has jurisdiction over an action, it should have complete power over interlocutory orders made therein and should be able to revise them when it is consonant with equity to do so); **Senza-Gel Corp. v. Seiffhart**, 803 F.2d 661 (Fed. Cir. 1986) ( res judicata is simply inapplicable to an interlocutory decision or order because such order is subject to revision by the district court at any time

before entry of final judgment); 18 Charles Allen Wright et al, Federal Practice and Procedure § 4478 (1981). This is true even when a case is reassigned or transferred to a new judge. See **In re Agent Orange Prod. Liab. Litig.**, 733 F.2d 10, 13 (2d Cir.1984) ("It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge."); **Langevine v. District of Columbia**, 106 F.3d 1018, 1023 (D.C.Cir. 1997) (the judge to whom case reassigned had full authority to reconsider previous judge's interlocutory order); 1B James W. Moore et al., Moore's Federal Practice ¶ 0.404[4.--2] (2d ed.1996) ("[T]ransfer [between judges] should no more freeze prior rulings than it should require their routine reexamination.").

This court has been delegated authority over the above-captioned cases during the discovery phase of the proceedings and is not absolutely bound by agreements negotiated between parties or comments made in prior hearings. The September 26, 2001 order not only is proper, it is desirable, as it may result in the narrowing of discoverable issues and elimination of the need for time-consuming and costly discovery, or even, optimally, of trial. This accords with the Federal Circuit's interpretation of Rule 56 and the discretion accorded to trial judges. Needless to say, each of the individual judges in these cases retains the right to decide a dispositive motion in his/her case for him/herself. Plaintiffs' motion for clarification therefore is denied.\1

DIANE GILBERT WEINSTEIN
Judge, U.S. Court of Federal Claims

---

\1 The parties are directed to the October 19, 2001 order mandating the filing of motions and other material during the discovery phase with the discovery judge only.

# EXHIBIT 6

# In the United States Court of Federal Claims

(Filed February 1, 2002)

FILED
FEB 1 2002
U.S. COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY
CONNECTICUT YANKEE ATOMIC POWER COMPANY
MAINE YANKEE ATOMIC POWER COMPANY
FLORIDA POWER & LIGHT COMPANY
NORTHERN STATES POWER COMPANY
DUKE POWER, A Division of DUKE ENERGY CORP.
INDIANA MICHIGAN POWER COMPANY
SACRAMENTO MUNICIPAL UTILITY DISTRICT
SOUTHERN NUCLEAR OPERATING COMPANY, et al.
COMMONWEALTH EDISON COMPANY
BOSTON EDISON COMPANY
GPU NUCLEAR, INCORPORATED
WISCONSIN ELECTRIC POWER COMPANY
POWER AUTHORITY OF THE STATE OF NEW YORK
OMAHA PUBLIC POWER DISTRICT
NEBRASKA PUBLIC POWER DISTRICT
TENNESSEE VALLEY AUTHORITY

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C

UNCONSOLIDATED

Judge Diane Gilbert Sypolt

Discovery Judge

## Order

On January 22, 2002, defendant filed a motion to reconsider the court's January 3, 2002 order lifting the suspension on coordinated discovery.

Defendant argues that plaintiffs have failed to demonstrate, pursuant to Rule 56(g) of the Rules of the Court of Federal Claims (RCFC), the need for discovery to respond to the pending motions for summary judgment and to dismiss. Notwithstanding the strength of defendant's arguments, in the interest of fully developing the record, the lifting of the stay of discovery procedures shall remain in effect and defendant's motion to reconsider the January 3, 2002 order is denied.

However, the scope of discovery shall be limited by RCFC 56(g) factors, i.e. to discovering facts essential to justify plaintiff's opposition to the dispositive motions. See **Simmons Oil Corp. v. Tesoro Petroleum Corp.**, 86 F.3d 1138, 1144 (Fed. Cir. 1996) ("A trial court's denial of a motion for further discovery under Rule 56[g] will not be deemed an abuse of discretion if 'there is no reason to believe that it will lead to the denial of a pending motion for summary judgment.'") (citation omitted); **Opryland USA Inc. v. Great American Music Show, Inc.**, 970 F.2d 847, 852 (Fed. Cir. 1992) (discovery under Rule 56[g] must be permitted if it is reasonably directed to "facts essential to justify the party's opposition..."); **Keebler Co. v. Murray Bakery Prods.**, 866 F.2d 1386, 1389-90 (Fed. Cir. 1989) (no abuse of discretion to deny vague, unfocused request for discovery under Rule 56[g]). See generally **Am. Sav. Bank v. United States**, 50 Fed. Cl. 586 (Smith, Senior J., 2001) (denying Rule 56(g) discovery where it would, at most, produce evidence irrelevant to the issue being decided on summary judgement); **First Heights Bank, F.S.B. v. United States**, 2001 U.S. Claims LEXIS 160, at * 24 (Bruggink, J., Aug. 16, 2001) (denying Rule 56(g) discovery "[b]ecause the discovery defendant seeks is not reasonably calculated to lead to the discovery of admissible evidence").

On January 24, 2002, plaintiffs filed a motion to revise the dates in the September 26, 2001 order governing the conduct of coordinated discovery, necessitated by the suspension of discovery between November 16, 2001, and January 3, 2002. Defendant's January 29, 2002 response generally recognizes the need for revising the schedule, but reiterates its argument that additional discovery should not be granted unless plaintiffs justify it under RCFC 56(g).

Upon consideration of the parties' arguments, the following schedule shall apply: 1) the parties shall exchange privilege logs on or before February 10, 2002; 2) depositions of document custodians shall be conducted on or before February 21, 2002 (if plaintiffs do not agree to a reasonable number of such depositions, the court will); 3) supplemental interrogatories and requests for admission shall be served on or before March 1, 2002; and 4) depositions shall be completed on or before April 30, 2002.

Defendant's request to postpone its depositions until after plaintiffs file their responses to the dispositive motions is allowed. Plaintiffs may conduct up to 10 depositions; additional depositions must be shown not to be cumulative and to be relevant and necessary to support plaintiff's case.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

---

* Appointed as Diane Gilbert Weinstein.

# EXHIBIT 7

# In the United States Court of Federal Claims

(Filed February 20, 2002)

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | * | Case Nos.<br>98-126C, 98-154C,<br>98-474C, 98-483C,<br>98-484C, 98-485C,<br>98-486C, 98-488C,<br>98-614C, 98-621C,<br>99-447C, 00-440C,<br>00-697C, 00-703C,<br>01-115C, 01-116C,<br>01-249C<br><br>UNCONSOLIDATED<br><br>Judge Diane Gilbert Sypolt<br><br>Discovery Judge |

## Order

On February 15, 2002, plaintiffs filed a motion requesting the court to clarify that its February 1, 2002 order provided that "the government's schedule

discovery is closed once the government conducts discovery, if any, after the utility plaintiffs file briefs opposing the government's summary judgment motions." The motion is denied as moot. The February 1, 2002 order, like the court's discussion at the February 12, 2002 status conference, clearly and consistently stated that the government would defer taking depositions, if any, until and unless leave was granted to do so, after plaintiffs' responses and before defendant's reply were filed.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

* Appointed as Judge Diane Gilbert Weinstein.

# EXHIBIT 8

# In the United States Court of Federal Claims

(Filed April 2, 2003)

*****************************************

YANKEE ATOMIC ELECTRIC COMPANY
CONNECTICUT YANKEE ATOMIC POWER COMPANY
MAINE YANKEE ATOMIC POWER COMPANY
FLORIDA POWER & LIGHT COMPANY
NORTHERN STATES POWER COMPANY
DUKE POWER, A Division of DUKE ENERGY CORP.
INDIANA MICHIGAN POWER COMPANY
SACRAMENTO MUNICIPAL UTILITY DISTRICT
SOUTHERN NUCLEAR OPERATING COMPANY, et al.
COMMONWEALTH EDISON COMPANY
BOSTON EDISON COMPANY
GPU NUCLEAR, INCORPORATED
WISCONSIN ELECTRIC POWER COMPANY
POWER AUTHORITY OF THE STATE OF NEW YORK
OMAHA PUBLIC POWER DISTRICT
NEBRASKA PUBLIC POWER DISTRICT
TENNESSEE VALLEY AUTHORITY
PSEG NUCLEAR LLC

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

*****************************************

Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C, 01-551C

UNCONSOLIDATED

Judge Diane Gilbert Sypolt

Discovery Judge

## Order

On December 26, 2002, defendant filed a motion in the coordinated discovery proceedings, seeking the court's order to

compel the production of documents that it argues were withheld improperly by five utility plaintiffs.\1 Plaintiffs have opposed the motion, contending that the documents are protected by attorney-client and attorney work-product privileges.

Defendant's motion to compel stated (consistent with the court's February 1, 2002 order allowing defendant to delay its depositions until after plaintiffs had filed responses to defendant's motions on the schedule issues) that it expected to inform the court by January 10, 2003, whether it would require additional discovery.\2

After reviewing plaintiffs' responses, the government, on January 9, 2003, sought to defer its depositions until after the court had decided the pending motions for summary judgment and stated "the issues presented by the Government's motion and the utility plaintiffs' oppositions remain matters of contractual interpretation that may be decided by the Court as a matter of law" and, as a consequence, "the Government has determined that it does not need to take discovery to prepare its reply brief on each motion."\3

---

\1 The five plaintiffs are: Wisconsin Electric Power Company, Sacramento Municipal Utility District, Southern Nuclear Operating Company, Commonwealth Edison Company, and Florida Power & Light Company. Defendant has filed motions for partial summary judgment regarding the rate of spent nuclear fuel acceptance and plaintiffs' greater-than-class-C radioactive waste claims. Plaintiffs have filed cross-motions for partial summary judgment on the acceptance rate.

\2 The February 1, 2002 order refers to depositions and discovery.

\3 The government made the same arguments regarding the lack of any need for discovery in connection with the greater-than-class-C radioactive waste and rate of acceptance partial summary (continued...)

On January 31, 2003, the court granted defendant's motion to defer the deadline for depositions until the court ruled on the pending dispositive motions. The court also stated that "the manner and scope of defendant's discovery, should its pending motions for summary judgment be denied . . . and whether or not this discovery will be coördinated to any extent with the discovery in other SNF cases, has yet to be determined and, unless the court as a whole decides otherwise, will be subject to the authority and discretion of the judge presiding in each individual SNF case."

Because: (1) briefing on the cross-motions for partial summary judgment is not complete; (2) according to defendant, the issues raised in these motions do not involve questions of fact, but only legal issues of contract interpretation; (3) defendant has determined to defer any decision regarding the need for additional depositions until after the dispositive motions are decided; and (4) defendant expressly has stated that it does not need to take discovery to prepare its reply briefs, it appears that additional discovery is not required by defendant at this

---

\3 (...continued)
judgment motions after filing these motions in November, 2001. See, e.g., defendant's January 22, 2002 motion seeking the reconsideration of lifting of a stay on discovery, wherein defendant stated "we do not understand the need for discovery to identify the meaning of the contract language" and argued that "reference to documents or testimony outside of the proposed and final rules . . . to determine the 'intent' of the contract language would be inappropriate."

stage of the litigation. Accordingly, the court hereby stays its decision on defendant's motion to compel unless and until defendant moves for the court to renew consideration of that motion. Any such motion shall be filed in the five individual cases referenced in note 1, supra, as well as in the coordinated discovery proceeding.

DIANE GILBERT SYPOLT
Judge, U.S. Court of Federal Claims