IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on December 2, 2005

| | | |
|---|---|---|
| UNION ELECTRIC COMPANY<br>d/b/a AmerenUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-97C<br>(Judge Robert H. Hodges, Jr.) |

JOINT STATUS REPORT AND MOTION TO EXTEND STAY

This is one of approximately 59 cases pending before the Court of Federal Claims arising under contracts (sometimes called the "Standard Contract") between the Department of Energy ("DOE") and the nuclear utilities for the acceptance and disposal of spent nuclear fuel and high-level radioactive waste ("SNF"). Since this case was filed in January 2004, both parties have requested that it be stayed pending developments in other spent fuel cases that were filed much earlier and that are far more procedurally advanced than this case. Both parties have requested such a stay because they believe that developments in those other cases will make litigation of this case more efficient for the parties and the Court.

Both parties respectfully request that the Court extend the stay of proceedings in this case for an ten months, until October 2, 2006. Although the parties both request this stay, they both also reserve their rights to request that the stay be lifted, either in whole or in part, prior to October 2, 2006, if circumstances in this case or other spent nuclear fuel cases warrant it. As set forth below, there is good reason to believe that developments

during this period will provide guidance that will assist in resolving the issues in this case. Indeed, other Judges of the Court have recently granted stays similar the one requested here. *See TXU Corp. v. United States*, No. 04-98C, Order of Nov. 23, 2005); *Kansas Gas & Elec. Co. v. United States*, No. 04-99C, Order of Nov. 28, 2005.

The Court previously stayed this matter pending the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States*, No. 04-5122 (Fed. Cir.). That case holds that pre-breach damages are recoverable but that future damages were not available to Indiana Michigan because its claim (like the claims in other spent fuel cases, including this one) was for a "partial" breach of contract. 422 F.3d, at 1375 - 77. But the *Indiana Michigan* decision provides little general guidance on other damages issues. And the decision provides no guidance at all on a very important issue involved in most if not all these spent fuel cases, namely, the required contractual "rate" of spent fuel acceptance and the "schedule" on which the Department of Energy ("DOE") was required to pick up spent fuel from utilities.[1]

Those schedule issues, however, were extensively tried (along with other damages issues) in three separate trials that have been conducted over the past year and a half in other spent fuel cases. One of those trials involved three consolidated cases brought by the "Yankee" utilities – Yankee Atomic Electric Co., Connecticut Yankee Atomic Power Co. and Maine Yankee Atomic Power Co. (Case Nos. 98-126, 98-154, 98-474 before Senior Judge Merow) – one trial was in the case brought by the Tennessee Valley Authority ("TVA") (Case No. 01-249 before Judge Lettow) and one trial was in the case

[1] *Indiana Michigan* also provides no guidance on other significant issues in the spent fuel litigation, including whether DOE is obligated to or would have to remove "GTCC waste" from utilities along with spent fuel, whether certain types of spent fuel storage arrangements constitute "reasonable" mitigation and other issues.

of Sacramento Municipal Utility District ("SMUD") (Case No. 98-488 before Judge Braden). The Yankee trial was completed in 2004, and the SMUD and TVA trials were competed in the Spring and Summer, respectively, of 2005. It is therefore reasonable to expect decisions in all three cases sometime in the coming months.[2] And given the extensive treatment of the important "schedule" issues at each of the three trials, it is also reasonable to expect one or more of those decisions – and perhaps all three – to address those issues in a fulsome way.

Resolution of the claims of Union Electric in this case will require the parties and the Court to address many of the same "schedule" issues as are pending decision in the *Yankee*, *TVA* and *SMUD* cases. Moreover, as shown by the experience in those cases, litigating the schedule issues is, or at least can be time-consuming and costly. For these reasons, both parties submit that before they are required to embark on discovery and litigation of the same "schedule" issues in this case, they should await decisions in the *Yankee*, *TVA* and *SMUD* cases. Those decisions appear likely to facilitate the "just, speedy and inexpensive resolution" of the claims of Union Electric here. *See* RCFC 1. In granting the stay in *TXU*, Judge Williams accepted these arguments as "good cause" justifying a continuation of a similar stay in that case.

Even after this Court issues its decisions in those three cases, it is possible the parties will believe it is beneficial to await an appellate ruling in one or more of those cases. But that is a determination better made after this Court's decisions are issued – a course that also avoids the imposition now of a long-term stay that may ultimately not be necessary or advisable.

[2] In the *Yankee* cases Judge Merow has asked for supplemental post-trial briefing on the impact of *Indiana Michigan*, but those briefs will be filed before the end of this year (with argument scheduled for January 10, 2006).

For these reasons, the parties jointly request that the stay of proceedings in this case be extended until October 2, 2006, at which time the parties will again jointly report to the Court on how they wish to proceed.[3]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder_by s/ Jerry Stouck_
SHARON A. SNYDER
Trial Attorney
Civil Division
Commercial Litigation
U.S. Department of Justice
1100 L Street, NW
Room 12068
Washington, DC 20005
(202) 616-0347
(202) 514-8624 (fax)
*Attorneys for Defendant*

s/ Jerry Stouck
JERRY STOUCK
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173
(202) 331-3101 (fax)
*Counsel for Plaintiffs*

Of Counsel:
Robert L. Shapiro
GREENBERG TRAURIG, LLP

Dated: December 2, 2005

[3] The parties are mindful that in its October 25, 2005 Order the Court urged the parties to suggest a convenient time for a status conference the week of December 5. In light of the continued stay sought herein, such a status conference may not be necessary, but the parties are available on Wednesday, December 7 at 1:00 p.m.