IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on September 29, 2006

| | | |
|---|---|---|
| UNION ELECTRIC COMPANY<br>d/b/a AmerenUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-97C<br>(Judge Hodges) |

JOINT MOTION TO EXTEND STAY

By Order dated December 9, 2005, the Court extended the stay in this matter through October 2, 2006. The parties respectfully move to extend the stay of this case until October 1, 2007.

As the Court is aware, this is one of approximately 58 cases pending before the Court of Federal Claims arising under contracts (sometimes called the "Standard Contract") between the Department of Energy ("DOE") and the nuclear utilities for the acceptance and disposal of spent nuclear fuel and high-level radioactive waste. Since this case was filed in January 2004, both parties have requested that it be stayed pending developments in other spent fuel cases that were filed much earlier and that are far more procedurally advanced than this case. Both parties have requested such a stay because they believe that developments in those other cases will make litigation of this case substantially more efficient for the parties and the Court.

The Court's decision to stay this case pending guidance in other cases has already borne fruit. The Court's prior Orders continued the stay of proceedings pending the Federal Circuit's resolution of *Indiana Michigan Power Co. v. United States*, 422 F.3d

1369 (Fed. Cir. 2005). That decision provided useful guidance regarding the timing of damage claims in partial breach of contract cases such as this case. And just today, the Federal Circuit issued a decision in *PSEG Nuclear, LLC v. United States*, No. 05-5162, slip op, further reducing uncertainty regarding litigation of the spent fuel claims in this Court.

The Court previously and appropriately has extended the stay of proceedings further in anticipation of guidance (both from other decisions of this Court and ultimately from the Federal Circuit) on the "schedule" on which DOE was required to accept spent fuel from utilities. The parties are aware that decisions are pending in three of the earliest-tried cases that are likely to provide guidance on these issues. *Yankee Atomic Electric Co. v. United States*, No. 98-126C (Merow, S.J.); *Southern Nuclear Operating Co. v. United States*, No. 98-614C (Merow, S.J.); *Pacific Gas & Elec. Co. v. United States*, No. 04-0074C, (Hewitt, J.). The Yankee cases were tried two years ago. And in PG&E, plaintiff expects, based on statements of the Court, that a decision in that case is likely to be issued in the very near future. Therefore, it is reasonable to expect that a continued stay is likely to yield helpful guidance on the "schedule" issues within a reasonable time frame.

A continued stay pending additional guidance on the schedule issues is particularly appropriate in this case. Plaintiff's damages claim to date is relatively small compared to some of the other spent fuel plaintiffs who have been required to incur larger costs to add to their spent fuel storage capacity due to the government's delay in performance. Moreover, due to the relatively large size of its comparatively newer spent fuel storage pool, plaintiff will likely not have to incur large amounts of additional

damages to increase its spent fuel storage capacity for a number of years. Indeed, plaintiff only filed this action when it did because it was required to do so by the applicable statute of limitations. Nevertheless, resolution of plaintiff's damages claim would require the parties and the Court to address many of the same "schedule" issues as are pending decision in the Yankee cases, *PG&E* and other cases. Moreover, as shown by the experience in those cases, litigating the schedule issues is, or at least can be, time-consuming and costly. Furthermore, the litigation of these issues has frequently involved testimony from exactly the same witnesses for both the government and the plaintiff utility in each case. Thus, the parties and the Court should not be required to engage in the costly and repetitive effort to litigate the schedule issues at this time to adjudicate plaintiff's relatively small current claim for damages.

For these reasons, the parties jointly request that the stay of proceedings in this case be extended until October 1, 2007, at which time the parties will again jointly report to the Court on how they wish to proceed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Civil Division
Commercial Litigation
U.S. Department of Justice
1100 L Street, NW
Room 12068
Washington, DC 20005
(202) 616-0347
(202) 514-8624 (fax)
*Attorneys for Defendant*

s/ Jerry Stouck
JERRY STOUCK
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173
(202) 331-3101 (fax)
*Counsel for Plaintiffs*

Of Counsel:
Robert L. Shapiro
GREENBERG TRAURIG, LLP

Dated: September 29, 2006